## Monserrate, Recurrente, v. El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de hipoteca.

No. 567.—Resuelto en abril 24, 1923.

Mención—Inscripción de Gravámenes Mencionados.—Mencionada en la inscripción de la venta de una finca la hipoteca constituída con anterioridad por su dueño el vendedor, expresándose además que el comprador reserva en su poder la cantidad necesaria para pagar en su día la hipoteca, es ésta inscribible en el registro no obstante lo dispuesto en el artículo 17 de la Ley Hipotecaria, de acuerdo con lo preceptuado en el artículo 29 del mismo cuerpo legal.

Testigos Instrumentales—Requisitos de los Testigos Instrumentales.—No constituye defecto el no expresarse en una escritura que los testigos instrumentales no están comprendidos dentro de las causas de incapacidad que determina el inciso 2°. de la sección 20 de la Ley Notarial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. M. M. Morales.*

El registrador recurrido no compareció.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Presentada para su inscripción en el registro de la propiedad de Guayama cierta escritura de hipoteca, la negó el registrador, por medio de una nota que, copiada en lo pertinente, dice:

"Primero: porque la finca hipotecada se halla inscrita a nombre de Diego Torres González, persona distinta de la del deudor e hipotecante: segundo: porque si bien en la inscripción de venta a favor de Diego Torres González se menciona un crédito hipotecario por trescientos cincuenta dollars ($350), a favor de Don Hipólito Monserrate, no resulta que ese sea el mismo crédito que se pretende inscribir, por cuanto no está claramente identificado; y, tercero: porque aun en el caso de que se hubiera identificado, no procede la inscripción aún aplicándole la jurisprudencia sentada en el caso de *Bello* v. *Registrador de Arecibo,* resuelto en julio 28, 1922, hoja suelta Nos. 207–208, porque esta se refiere a hipoteca por precio aplazado de la venta, y el caso que nos ocupa se refiere a una hi-

poteca constituída por deuda confesada antes de vender la finca a un tercero; y tomada en su lugar anotación preventiva * * * en la que se consigna el *defecto subsanable* de no hacerse constar si los testigos instrumentales no están comprendidos dentro de las causas de incapacidad que determina el inciso 2°. de la sección 20 de la Ley Notarial."

No conforme el acreedor hipotecario, apeló para ante este tribunal, presentando un escrito que contiene los señalamientos de error y un alegato exponiendo las razones en que cada error se basa. La actuación del letrado del recurrente en este caso constituye una ilustración de la eficaz ayuda que pueden prestar los abogados a la corte para el más rápido despacho de los asuntos a ella sometidos.

En 5 de noviembre de 1921 Eudosio Torres, dueño de cierta finca urbana situada en Cayey, la hipotecó a favor de Hipólito Monserrate para responder de la suma de $350.

El 30 de marzo de 1922 el dicho Eudosio Torres vendió su finca a Diego Torres, y en la escritura de venta se hizo constar que "esta finca se halla afecta a una hipoteca por la suma de trescientos cincuenta dollars a favor de don Hipólito Monserrate," y, además que el precio de esta venta es un mil quinientos dollars de los cuales el comprador se reserva trescientos cincuenta para el pago de la hipoteca a favor de Hipólito Monserrate, antes expresada."

El contrato de compraventa otorgado en la forma indicada quedó inscrito en el registro de la propiedad de Guayama el 13 de junio de 1922 y presentado el 11 de septiembre de 1922 el de hipoteca, el registrador negó la inscripción por los motivos que ya conocemos.

Consta, pues, con suficiente claridad a nuestro juicio, que se trataba de la misma hipoteca y siendo ello así opinamos que es erróneo el criterio sustentado por el registrador.

Es cierto que el artículo 17 de la Ley Hipotecaria dice que "Inscrito o anotado preventivamente en el Registro cualquier título traslativo de dominio o de posesión de los in-

muebles o de los derechos reales impuestos sobre los mis
mos, no podrá inscribirse o anotarse ningún otro de igual o
anterior fecha por el cual se transmita o grave la propiedad
del mismo inmueble o derecho real'', pero también lo es que
la propia ley dispone en su artículo 29 que ''El dominio o
cualquier otro derecho real que se mencione expresamente
en las inscripciones o anotaciones preventivas, aunque no
esté consignado en el Registro por medio de una inscripción
separada y especial, surtirá efecto contra tercero desde la
fecha del asiento de presentación. Lo dispuesto en el pá-
rrafo anterior se entenderá sin perjuicio de la obligación de
inscribir especialmente los referidos derechos. * * *

Y comentando esos preceptos de ley, dicen Galindo y
de la Escosura:

''También, atendida la materialidad de las palabras del art. 17
puede considerarse excepción, la inscripción de hipotecas o censos
constituídos y no inscritos antes de inscribirse en el Registro el tí-
tulo traslativo de dominio de la finca a que afecten, si en él se hizo
mención de esas cargas.

Si hubiera de entenderse literalmente el art. 17, no se podrían
inscribir tales hipotecas o censos, no obstante haberse mencionado
en la inscripción del título traslativo de dominio; pero teniendo en
cuenta que el vendedor, obrando con la debida buena fé, hizo constar
la existencia de la hipoteca o del censo, y que el Registrador, cum-
pliendo con lo preceptuado en el art. 29 de la Ley, hizo mención de
tales cargas, incluyéndolas en el párrafo correspondiente de la ins-
cripción, creemos que si después de extendida ésta solicitara el acree-
dor hipotecario o el censualista que se inscribiese su título, se ha-
bría de acceder a ello, no obstante ser de fecha anterior al título
inscrito. El objeto del art. 17 es impedir que se perjudique al que
oportunamente inscribió, y como en el caso propuesto no hay per-
juicio, porque con arreglo al art. 29 de la Ley, el dominio o cual-
quier otro derecho real mencionado expresamente en una inscripción,
surte su efecto contra tercero, y con más razón contra el que fué
parte en el acto .o contrato inscrito, sin que se exima por ello de la
obligación de inscribir especialmente el referido derecho, no debe
impedirse al acreedor que lo inscriba cuando quiera. (V. Res. de
27 Jul. 1899) ''1 Galindo, Legislación Hipotecaria, 652.

Esta misma Corte Suprema en el caso de *Fajardo Sugar Growers' Association* v. *Registrador,* 25 D. P. R. 366, resolvió que "El artículo 17 de la Ley Hipotecaria que prohibe la inscripción de títulos traslativos de dominio o que contenga gravamen, cuando existe una inscripción posterior a favor de otra persona, no es aplicable si la persona en cuyo favor está hecha la inscripción, no es un tercero." Y en el de *Bello* y *Feo* v. *Registrador,* 31 D. P. R. 118, decidió que "Mencionada en la inscripción de la venta de una finca la hipoteca que por precio aplazado constituyeron los compradores a favor de los vendedores, procede inscribir dicha hipoteca aunque la finca hubiere sido traspasada de nuevo y aparezca ya inscrita a favor del adquirente."

Tampoco existe el defecto subsanable apuntado por el registrador. La ley no exige que se haga constar lo que el registrador pretende. La cuestión levantada está resuelta por la Corte desde 1916, así:

"En cuanto al defecto subsanable de no expresarse en el documento la edad de los testigos, si bien la sección 13 de la ley notarial dispone que ninguna escritura pública, salvo lo que dispone para casos especiales, o sea en la sección 22 para los testamentos y demás disposiciones *mortis* causa, podrá ser autorizada sin la presencia de dos testigos y que no podrán ser tales los que no sepan firmar, los parientes, escribientes o criados del notario autorizante ni los parientes de las partes interesadas, dentro del cuarto grado civil o segundo de afinidad, la sección 10 sólo exige respecto de ellos que se consignen sus nombres y vecindad y no existe precepto alguno que disponga se haga constar la idoneidad de los testigos por lo que la falta de esta circunstancia no constituye defecto alguno. Resoluciones de la Dirección de los Registros de España de 23 de octubre y 5 de diciembre de 1903, 5 de febrero y 20 de julio de 1904." *M. Grau e Hijos* v. *El Registrador,* 23 D. P. R. 380, 384.

Por virtud de todo lo expuesto, debe revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.